IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY JELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-091-GPM |
| | ) |
| LIEUTENANT VEATH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jerry Jellis, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

On January 31, 2008, Jellis was bitten by a spider. The next day, Jellis asked Defendant Aubuchon to take him to the health care unit because he was having an allergic reaction to the spider bite. At that time, Menard was on a Level 1 lock-down, and inmate movement was restricted to showers and emergency medical issues. Aubuchon deemed that Jellis did not have an emergency medical condition and denied his request. On February 2, the bite site had swollen to about 6 cm in diameter and oozed yellow pus, so Jellis was allowed to visit the health care unit. The doctor dressed the wound and prescribed oral antibiotics. Jellis returned to the health care unit two more times over the next month, where it was noted that the wound was improving, but healing slowly. Jellis believes that if he had been taken to the health care unit on February 1, the bite would not have caused him so much discomfort and difficulty.

On February 17, 2008, more than two weeks after the spider bite occurred, Jellis was taken to the sergeant's cage to speak with Defendant Veath. Veath asked to see the wound, so Jellis obliged. Veath was concerned with the appearance of the wound and urged Jellis to return to the health care unit; Veath believed that the wound looked more like a staph infection than a spider bite. Jellis explained the situation and advised Veath that he was taking antibiotics, but Veath was not convinced. Veath decided to quarantine Jellis in his cell until Veath could speak with the health care unit. Veath then had cups of bleach dispensed to all the cells. Because Jellis was quarantined in his cell, he was not allowed to go to his work assignment, the dining hall, or any other activity. However, he was allowed to use the shower, but only if someone was available to sanitize the

shower afterwards. On February 21, Jellis was taken to the medical unit. He explained his predicament to the med-tech, who then advised Veath that Jellis did not need to be quarantined. Despite having the quarantine order lifted, Jellis lost his job as a gallery worker.

Jellis filed grievances related to these events, which were denied by both Defendants Hulick and Randle.

### DISCUSSION

Jellis first alleges that Aubuchon and Veath acted with deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

With respect to Aubuchon, Jellis alleges only that Aubuchon did not deem a spider bite to be an emergency medical condition, even though Jellis showed him the swollen, discolored bite mark. Jellis states that his file shows a history of allergic reactions to spider bites, and thus Aubuchon should have known that the bite was an emergency. However, allegations regarding what

Aubuchon should have known, or could have done, are insufficient to support a claim of deliberate indifference under the Eighth Amendment. At best, Jellis may have presented a claim of negligence, but "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *accord Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Sellers v. Henman*, 41 F.3d 1100, 1103 (7th Cir. 1994) (A series of acts of negligence "is merely evidentiary; it is not an alternative theory of liability."). Thus, Jellis has failed to state a claim against Aubuchon under the Eighth Amendment.

The allegations against Veath are even less substantial. According to Jellis, Veath was concerned that Jellis might have a condition more severe than a mere spider bite. Veath took action to prevent the spread of a potentially dangerous infection throughout the cell house, while at the same time investigating the severity of the infection. These actions are hardly deliberate indifference. So, he fails to state a claim against Veath for deliberate indifference to his serious medical needs.

Jellis also asserts that both Aubuchon and Veath retaliated against him. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Jellis fails to state a claim against either Defendant for retaliation, as he does not allege that he engaged in any protected First Amendment activity, that he experienced an adverse action that would likely deter First Amendment activity in the future, or that the First Amendment activity was "at least a motivating factor" in Defendants' decision to take the retaliatory action.

*Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

Finally, Jellis asserts that Hulick and Randle failed to provide proper policies and training of personnel, which he believes shows that they were deliberately indifferent to his serious medical needs. Allegations that Hulick and Randle "failed to act" in a general way suggests, at best, a claim of negligence. As reasoned above, a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Thus, Jellis has failed to state a claim upon which relief may be granted.

### DISPOSITION

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Jellis is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 08/31/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge