# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERRY JELLIS, IDOC # B64671,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 10-91-GPM |
| | ) |
| **LT. VEATH, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on the mandate of the United States Court of Appeals for the Seventh Circuit (Doc. 30). Plaintiff Jerry Jellis, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Menard Correctional Center ("Menard"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. Named as Defendants in the case are Lt Veath and John Aubuchon, who are guards at Menard, Donald Hulick, the warden of Menard, and Michael Randle, the former director of the IDOC. Jellis alleges that Veath and Aubuchon were deliberately indifferent to Jellis's serious medical needs, in violation of the Eighth Amendment, and retaliated against Jellis for the exercise of his First Amendment rights. Jellis also alleges that Hulick and Randle ignored Jellis's complaints about the conduct of Veath and Aubuchon. By order entered August 31, 2010, the Court dismissed Jellis's complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. *See* Doc. 6. On appeal from the dismissal, the Seventh Circuit Court of Appeals reversed the dismissal of Jellis's First Amendment retaliation

claim and remanded the case to this Court for further proceedings on the claim. *See* Doc. 30. Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall prepare for Defendants **VEATH** and **AUBUCHON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within thirty (30) days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

2. It is **further ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's file or disclosed by the Clerk.

3. It is **further ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

4. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

5. Pursuant to SDIL-LR 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

6. Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

7. Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: June 30, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge