IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY JELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-91-DGW |
| ) | |
| LT. VEATH AND JOHN AUBUCHON, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is a Motion To Dismiss Counts II, III and IV of the amended complaint, filed by Defendants (Doc. 59)[1]. For the reasons set forth below, the motion is **GRANTED**.

### FACTUAL SUMMARY

Plaintiff Jerry Jellis ("Plaintiff"), then an inmate at Menard Correctional Facility ("Menard"), filed a complaint against Corrections Officers Lt. Veath, John Aubuchon, Warden Hulick, and Director Michael Randle on February 4, 2010. All were sued in their individual and official capacities (Doc. 1 pp. 1, 2). Events leading up to the complaint are discussed as follows.

On January 31, 2008, Plaintiff was bitten by a spider in his cell. Plaintiff asked Defendant John Aubuchon ("Aubuchon") if he could go to the Health Care Unit ("HCU") for medical attention, alleging an allergy to spider bites. At that time, Menard was on "Level 1" lockdown, wherein inmate movement is permitted only for emergency medical treatment and showers.

---

[1] The motion does not address Count I.

Aubuchon looked at Plaintiff's spider bite, determined it was not a medical emergency and denied his request (Doc. 1 pp. 4, 5).

Two days later, the spider bite had gotten worse and Plaintiff was allowed access to the HCU (Doc. 1 pp. 4, 5). There, Dr. Magdel provided Plaintiff with oral antibiotics and returned him to his cell. Two weeks after his initial visit with Dr. Madgel, Plaintiff returned for a follow-up. Dr. Magdel observed that the spider bite was healing, albeit slowly (Doc. 1 p. 5).

Plaintiff asserts his Eighth Amendment rights were violated when Aubuchon denied his request to visit the HCU on January 31, 2008. He alleges the discomfort he suffered and the extended healing time is attributable to Aubuchon's denial (Doc. 1 p. 5).

On February 17, 2008, Defendant Lt. Veath ("Lt. Veath") asked Plaintiff to show him his wound. Lt. Veath expressed concern about the wound's appearance and stated it looked more like a staph infection than a spider bite. Lt. Veath had bleach distributed to all cells to quell a potential biological threat and told Plaintiff to remain quarantined in his cell until he could speak with the HCU (Doc. 1 p. 6). Two days later, Aubuchon reiterated Lt. Veath's orders and advised Plaintiff he was not allowed to work and needed to stay in his cell. Plaintiff claims he overheard Aubuchon tell Officer Levan that "[w]e need to get rid of Jellis because he was writing this all up." (Doc. 1 pp. 6, 7).

On February 21, 2008, Plaintiff was allowed to visit Med-Tech Watkins. Watkins advised Aubuchon that quarantining Plaintiff was unnecessary (Doc. 1 p. 7). On April 1, 2008, Plaintiff filed a grievance regarding the treatment for his spider bite (Doc. 1 Ex. F). Two days later, Plaintiff was fired from his job assignment in an area known as the "uppers," a job he had held for approximately one year (Doc. 1 p. 7). Aubuchon advised Plaintiff "that grievance writers could not

2

work in the Uppers." Plaintiff claims that he was fired in retaliation for filing the April 1 grievance. On April 17, Plaintiff filed another grievance relating to losing his job.

After both grievances were denied, Plaintiff filed suit in this Court. Plaintiff requested injunctive relief regarding Menard's policies for medical care during lockdowns along with compensatory and punitive damages (Doc. 1 p. 8).

## PROCEDURAL HISTORY

### DISTRICT COURT

In accordance with 28 U.S.C. §1915A, Plaintiff's complaint was subjected to a preliminary review by District Judge Murphy (Doc. 6 p. 1). The statute requires the court to review the complaint and dismiss it if it is "frivolous, malicious, or fails to state a claim on which relief may be granted." The Court determined that to sustain Plaintiff's Eighth Amendment claim, evidence of deliberate indifference at the hands of the corrections officers was needed. The Court found the complaint lacked the required evidence and dismissed Plaintiff's Eighth Amendment claim. In addition, the Court determined that Plaintiff did not sufficiently state a claim for retaliation and dismissed that claim as well (Doc. 6 p. 4).

### COURT OF APPEALS

Plaintiff appealed the District Court's dismissal of both claims. The Court of Appeals upheld the dismissal of the Plaintiff's deliberate indifference claim but found sufficient facts pled in the complaint for retaliation when Plaintiff was fired from his job. Consistent with the Court of Appeals order upon the dismissal of Plaintiff's deliberate indifference claim, Defendants Hulick and Randle were also dismissed. The case was remanded to this Court for further proceedings on Plaintiff's retaliation claim (Doc. 30-2 pp. 3, 4).

## REMAND

On May 1, 2012, after remand, Plaintiff filed an amended complaint (Doc. 55 p. 1). Plaintiff states that in December 2008, he requested a transfer to a facility to be closer to his family and for fear of retaliation at Menard. This request was denied. Plaintiff filed a grievance in response to that denial, but his requested relief was not granted (Doc. 55 p. 7).

In July 2011, Plaintiff requested a transfer to Hill Correctional Center ("Hill"). Instead, he was transferred to Pinckneyville Correctional Center ("Pinckneyville") (Doc. 55 p. 7). Plaintiff also claims he has been unable to obtain employment since April 2008 (Doc. 55 p. 10). In his amended complaint, Plaintiff alleges the denial of his transfer request, his subsequent transfer and his inability to obtain employment are all retaliatory responses by Lt. Veath and Aubuchon.

In Count I of his amended complaint, Plaintiff alleges that he was fired from his job in retaliation for filing a grievance regarding his medical treatment at Menard. Count II alleges that Plaintiff's transfer request to Hill was denied, Count III alleges that the was transferred to Pinckneyville instead of Hill, and Count IV alleges that Plaintiff has been unable to obtain prison employment since being fired. Plaintiff alleges the actions in Counts II, III and IV are retaliatory responses by Lt. Veath and Aubuchon for filing grievances regarding the termination of Plaintiff's job assignment (Doc. 55 pp. 6-10).

## MOTION TO DISMISS

On May 15, 2012, Defendants filed a Motion To Dismiss Counts II-IV of the complaint for failure to state a claim (Doc. 59 p. 1). Defendants claim that Plaintiff failed to present any facts demonstrating either Lt. Veath or Aubuchon's personal involvement in Plaintiff's transfer denial, subsequent transfer to an undesired facility, or Plaintiff's inability to obtain employment (Doc. 59

pp. 1, 2). Defendants also state that Count II, the transfer request denial as a result of alleged retaliation, is barred by the statute of limitations. Defendants further assert that Counts III and IV should be dismissed because in Plaintiff's motion to amend his complaint, he did not request permission to supplement the original complaint. Defendants claim the addition of the new claims has prejudiced their ability to complete discovery (Doc. 59 pp. 6-8).

On June 18, 2012, Plaintiff filed a motion in opposition to Defendant's Motion To Dismiss (Doc. 64). In it, Plaintiff asserts that the Defendants employ inapplicable standards at the motion to dismiss stage (Doc. 64 p. 1). Plaintiff asserts the complaint alleges sufficient facts that need not be proven at this stage. In response to Defendant's claim that Count II is barred by the statute of limitations, Plaintiff asserts that he was unaware that the denial of his transfer request was a retaliatory act until a subsequent denial and transferred to an undesired facility (Doc. 64 pp. 6-7). In addition, Plaintiff asserts that Counts II, III and IV are retaliatory consequences stemming from the act(s) complained of in the original complaint. Plaintiff asserts that because the new allegations relate back to the original complaint, the statute of limitations has not run (Doc. 64 pp. 6, 7). Finally, Plaintiff asserts that Defendants will not suffer any prejudice by the additions of Counts III and IV because the discovery deadline has been extended, allowing Defendants sufficient time to complete discovery.

## LEGAL STANDARDS

### A. THE COMPLAINT

To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007); *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint is sufficient when it states "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570.

The Supreme Court recently instructed courts to examine whether allegations in the complaint state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Id*. (quoting *Bell Atlantic*, 550 U.S at 555) (internal quotations omitted). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. When the factual allegations are well-pled, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See id*. at 679.

The Seventh Circuit interpreted *Bell Atlantic* together with *Erickson v. Pardus*, 551 U.S. 89 (2007) in *Airborne Beepers*, 499 F.3d at 668. In that case, the court stated "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Id*. at 667.

### B. THE MOTION TO DISMISS

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide

the merits." *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989). When considering a motion to dismiss under Rule 12(b)(6), the court accepts as true all of the well-pled allegations in the complaint and views them in the light most favorable to the plaintiff. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 619 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). The court will construe all reasonable inferences in favor of the nonmoving party. *Arnett v. Webster*, 658 F.3d 742, 751-52 (7th Cir. 2011); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

Although the court must accept as true all well-pled facts and draw all permissible inferences in the plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Legal conclusions can provide a complaint's framework, but unless well-pled factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id*. at 1950–51.

The Seventh Circuit has confirmed and applied the "plausible" standard discussed in *Iqbal*. "[A] judge cannot reject a complaint's plausible allegations by calling them 'unpersuasive'… [o]nly a trier of fact can do that, after a trial." *Richards v. Mitcheff*, No. 11-3227, 2012 WL 3217627, at *2 (7th Cir. August 9, 2012).

### C. RETALIATION

To prevail on a First Amendment retaliation claim, three factors must be satisfied. The complainant must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendant's decision to take the retaliatory action." *Gomez*, 680 F.3d at 866 (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.

2009).

"A prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). "A prisoner has less freedom of speech than a free person, but less is not zero, and if he is a victim of retaliation for the exercise of what free speech he does have, he should have the same right to a remedy as his free counterpart." *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005-06 (7th Cir. 2005) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Prisoners "have a general First Amendment right to criticize…policies, [but] must do so 'in a manner consistent with his status as a prisoner.'" *Watkins*, 599 F.3d at 795 (citing *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004)). The court in *Watkins* found that taking the "less disruptive approach of filing a written complaint" is consistent with a prisoner's status. *Watkins*, 599 F.3d at 795.

The complainant does not have to prove that speech criticizing prison policies is related to a matter of public concern, although a "prisoner's speech can be protected even when it does not involve a matter of public concern." *Bridges*, 557 F.3d at 551. To prevail he must prove he engaged in this speech in a manner consistent with legitimate penalogical interests. *Watkins*, 599 F.3d at 796.

In evaluating a prisoner's speech under the legitimate penalogical interests test, the starting point is *Turner v. Safley,* 482 U.S. 78, 91-93 (1987). *See also Watkins*, 599 F.3d at 796. The relevant factors are: whether a "valid, rational connection" exists between the regulation and the legitimate interest put forth to justify it; whether "alternative means of exercising the right ... remain open to prison inmates"; "the impact accommodation of the asserted constitutional right" will have on prison officials and inmates; and the availability of "obvious, easy alternatives" to the

8

challenged regulation. *Id*. at 797 (citing *Turner*, 482 U.S. at 89-90) (citations omitted). Although *Turner* dealt with a direct challenge to a prison regulation rather than a retaliation claim, the Seventh Circuit has applied several *Turner* factors when determining if an activity is protected by the First Amendment in a retaliation claim. *See Watkins*, 599 F.3d at 797.

To establish a prima facie case of retaliation, a prisoner must show that a protected activity was "at least a motivating factor" in retaliatory action taken against him by a prison official. *Mays v. Springborn*, 575 F.3d 643, 651 (7th Cir. 2009) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). The action is retaliatory if it would likely deter a person of ordinary firmness from exercising First Amendment activity in the future. *Id*. Whether the allegations are in fact true or whether the alleged harassment would actually deter a person of ordinary firmness are not addressed at the pleading stage. *Mays*, 575 F.3d at 651. The burden then shifts to the defendants to show that they would have taken the action despite the bad motive. *Id*. (citing *Hasan*, 400 F.3d at 1005-06).

## COUNTS II, III AND IV OF PLAINTIFF'S COMPLAINT FAIL TO STATE A CLAIM FROM WHICH RELIEF MAY BE GRANTED.

Plaintiff cites *Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000), to illustrate that a complaint need merely allege a chronology of events from which retaliation may be inferred. In that case, a prisoner claimed retaliatory action by Corrections Officer Stovall after the prisoner filed a grievance against Stovall. The court stated "[f]rom these pleaded facts, it is possible to infer that *Stovall* filed false charges." *Id*. (emphasis added). Plaintiff also cites *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005), which held that a plaintiff is "required only to allege enough to put the defendants on notice and enable them to file an answer." *Id*. The plaintiff in *Hoskins* discussed

9

repeated confrontations with one specific corrections officer, Officer Lenear. *Id.* at 373-75. Lenear was accused of having *direct involvement* in each of the retaliatory actions alleged by the plaintiff. *Id.* at 374-75. Additional defendants originally named in the complaint were found not to have participated in the retaliatory acts and were dismissed by the court. *Id.* at 375.

The Seventh Circuit also held that the complaint in *Black v. Lane*, 22 F.3d 1395, 1401 (7th Cir. 1994), (also cited by Plaintiff) alleged sufficient personal involvement by all of the defendants, except for one whom the district court correctly dismissed. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). The common thread in a finding of a sufficiently pled complaint is at least one allegation of a defendant's personal involvement in a retaliatory act. Counts II-IV of Plaintiff's amended complaint lack this common thread.

Plaintiff's amended complaint does not allege any facts presenting a nexus from which it is possible to infer that Lt. Veath or Aubuchon had any role in the facts surrounding Count II (denying Plaintiff's transfer request), Count III (Plaintiff's transfer to an undesired facility) or Count IV (Plaintiff's inability to obtain employment).

Plaintiff's transfer request to Hill was denied in July 2011 (Doc. 55 pp. 7). In that same month, Lt.Veath and Aubuchon were served with notices of this lawsuit (Doc. 55 p. 7). Plaintiff was transferred to Pinckneyville in August 2011 (Doc. 55 p. 7). Nowhere in Plaintiff's complaint does it make reference to any direct-or indirect-involvement of the Defendants in the denial of Plaintiff's transfer request to Hill or his subsequent transfer to Pinckneyville. A bare timeline of these events without reference to any involvement by Lt. Veath or Aubuchon is not enough to infer

retaliation. Counts II-IV of the amended complaint allege no specific acts or conduct of Lt. Veath and John Aubuchon, let alone illustrate the role that their acts or conduct played in the alleged violations. Consequently, the amended complaint fails to set forth enough facts to state a claim to relief that is plausible on its face.

Since being fired from his job assignment in April 2008, Plaintiff has been unable to obtain a work assignment (Doc. 55 p. 7). Again, this is a threadbare assertion with no tie to Defendant's involvement in Plaintiff's inability to obtain a work assignment. Thus, Plaintiff has failed to sufficiently state a claim from which retaliation may be inferred. The amended complaint does not contain any reference to an attempt to obtain employment, let alone an allegation of Lt. Veath or Aubuchon's involvement in any rejection from potential employment. Even though Plaintiff alleges that Aubuchon told him the grievance writers could not work in the "Uppers" he puts forth no allegations that Aubuchon or Lt. Veath have prevented him from obtaining new or different employment. The factual allegations do not move the Plaintiff's claims from conceivable to plausible, thus they are insufficient to state a claim. Since Plaintiff has not shown that filing a grievance was at least a motivating factor in the alleged retaliatory actions by Lt. Veath and Aubuchon, he has pled insufficient facts for a prima facie case of retaliation. This Court finds that because Counts II, III and IV of the amended complaint do not allege any direct misconduct by Lt. Veath or Aubuchon, it fails to state a claim from which relief may be granted.

Because the Court's ruling is dispositive of Counts II, III, and IV, Defendants only seek to dismiss Counts II, III and IV, the Court does not address Defendants' statute of limitations argument or their claim of being prejudiced in discovery. Thus, only Count I—the loss of Plaintiff's job as an alleged retaliatory response to protected activity—remains.

## CONCLUSION

The Motion to Dismiss filed by Defendants Lt. Veath and John Aubuchon is **GRANTED.** Counts II, III, and IV are **DISMISSED** from the action; Count I remains.

**IT IS SO ORDERED.**

**DATED: October 25, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**