IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY JELLIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-91-DGW |
| ) | |
| ) | |
| JOHN AUBUCHON and TIMOTHY VEATH, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Summary Judgment filed by Defendants, John Aubuchon and Timothy Veath, on November 9, 2013 (Doc. 74). For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

The events surrounding Plaintiff's Complaint occurred while he was an inmate at the Menard Correctional Center. The only remaining Count[1] in the First Amended Complaint (Count I) alleges that Plaintiff was fired from his job as a "cell house worker" in retaliation for filing a grievance against Defendants related to a medical issue.

The undisputed evidence reveals that Plaintiff was employed at Menard from December, 2006 to April, 2008 to do general janitorial work (John Aubuchon Dep. p. 61). During the relevant time period, Defendant Aubuchon, a correctional officer, was in charge of the South Upper 5 Gallery at Menard where Plaintiff was housed (*Id.* pp. 23-24, 54). On February 19, 2008, Plaintiff informed Defendant Aubuchon that he was filing a grievance against him and

---

[1] The First Amended Complaint (Doc. 55) contains 4 Counts. Counts 2 through 4 were dismissed by an Order dated October 25, 2012 (Doc. 72).

Defendant Veath, a Lieutenant who also was working on South Upper 5 Gallery, related to a request for medical attention (*Id.* p. 85).  Plaintiff also told Defendant Veath of the grievance on February 24, 2008 (Jerry Jellis Dep. p. 14).  Defendant Veath testified that he had no recollection or knowledge of any grievances filed by Plaintiff (Timothy Veath Dep. p. 91-92).  Around that same time period, Defendant Aubuchon testified that he received information from Sergeant Dale Yates that Plaintiff was involved in instigating a work slow-down (Aubuchon Dep. p. 57).  Defendant Aubuchon told Sergeant Yates that he no longer wanted Plaintiff working in the gallery (*Id.* p. 59).  Plaintiff actually filed the grievance on April 1, 2008.  On April 3, 2008, Plaintiff was fired from his job by Sanitation Officer Chad Levan, although Defendant Aubuchon delivered the news to Plaintiff (*Id.* pp. 94, 101-102).  Defendant Veath indicated that he learned that Plaintiff was fired after he returned from having two days off work (Veath Dep., p. 94-96).

In a declaration, Plaintiff states that Defendants Aubuchon and Veath made various statements that indicated that he was fired in retaliation for filing a grievance.  He states that Defendant Aubuchon told Officer Levan that "we need to get rid of Jellis because he is writing all this up" (Jellis Declaration ¶ 7).  Another inmate, Douglas White, states that he also heard this exchange (Douglas White Affidavit, p.1).  Plaintiff further states that Defendant Aubuchon told him that "grievance writers can't work in the uppers" and that Defendant Veath informed him to "pack my shit and get ready to leave" (*Id* ¶¶ 10 and 12).[2]  Inmate William Leger heard the comment by Veath (William Leger Affidavit, p. 1).[3]  Sergeant Yates indicated that he did not

---

[2] Inmates who work in the gallery are housed in one of the first two cells in the gallery.  If they are not employed, they would be moved to cell in a different part of the gallery.

[3] At this stage of the proceedings, the Court offers no opinion as to the admissibility of these statements – Defendants have made no objection.  Plaintiff does make hearsay objections to

2

have any role in terminating Plaintiff's employment (Dale Yates Dep. p. 43). He further does not recall hearing Plaintiff say anything about a work slow-down and does not recall mentioning anything to that effect to Defendants (*Id.* p. 44). There is no evidence that Plaintiff was issued a disciplinary ticket for any work slow-down activities (Jellis Dec. ¶ 14).

### STANDARD

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v.*

---

statements made by Defendant Veath. Such objections will be considered at trial.

*Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).  The moving party bears the initial burden of producing evidence that identifies "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes to demonstrate the absence of a genuine issue of material fact." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (quoting *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996)).  After the moving party has satisfied its burden to establish that no genuine issue of material fact exists, the burden shifts to the non-moving party to "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  The non-moving party "may not rely merely on allegations or denials in its own pleading." *Id.*  The opposing party must, instead, "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

## DISCUSSION

Defendants seek summary judgment on theories of Eleventh Amendment bar to suit, qualified immunity, and on the merits.

Plaintiff's Amended Complaint (Doc. 55) does not indicate that he is suing these Defendants in their official capacity or that he is seeking prospective injunctive relief.  In his response to the Motion for Summary Judgment, Plaintiff confirms that these Defendants are only being sued in their individual capacity.   Therefore, there is no Eleventh Amendment jurisdictional bar to maintenance of this lawsuit.   See *Brown v. Budz*, 398 F.3d 904, 917-918 (7th Cir. 2005).

Defendants next argue that they are entitled to qualified immunity.   *Saucier v. Katz*, 533 U.S. 194, 200 (2001) ("Where the defendant seeks qualified immunity, a ruling on that issue

4

should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.")  In determining whether Defendants are entitled to qualified immunity, the Court must consider two questions: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"; and, 2.  was "the right clearly established?"  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Saucier*, 533 U.S. at 201; *See also Miller v. Harbaugh*, 698 F.3d 956, 962 (7th Cir. 2012). With respect to the first question, the inquiry is specific to the circumstances of the case: "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Saucier*, 533 U.S. at 202.

As this matter is now before the Court on a motion for summary judgment, the issue of whether Defendants are entitled to qualified immunity can be determined on the undisputed facts before the Court.  To the extent that there are disputed facts, those will be considered in a light most favorable to Plaintiff.  *See generally, Board v. Farnham*, 394 F.3d 469, 476 (7th Cir. 2005).

Defendants' qualified immunity argument appears to construe Plaintiff's claim as one where he is merely complaining about the loss of a job.  Defendants are correct in noting that the loss of a jailhouse job does not rise to the level of a constitutional violation.  *See Harris v. Greer*, 750 F.2d 617, 618 (7th Cir. 1984).  However, Plaintiff is in fact asserting that he was retaliated against for filing a grievance and that the adverse action was the loss of a job – a completely different claim.  Defendants' argument, then, does not fit the actual claim made in this lawsuit. For this reason alone, Defendants' qualified immunity argument must fail.  In any event, for the reasons set forth below, the right to be free from retaliation for filing a grievance is a clearly

established right and the evidence in this case makes out a violation of this right.

Plaintiff claims that he was retaliated against by these Defendants when they fired him after he had filed a grievance against them. In order to establish a prima facie case of retaliation, Plaintiff must show that: "(1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the employer's action." *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). "A prisoner has a First Amendment right to make grievances about conditions of confinement. *Watkins v. Kasper*, 599 F3d 791, 798 (7th Cir. 2010). And, "it is well established that an act of retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987). The parties do not dispute that Plaintiff exercised a constitutional right by grieving his medical issue. There is also no contention that Defendants may not retaliate against Plaintiff for exercising his right. Finally, there is no argument that terminating Plaintiff from a desirable job within the prison would not chill additional speech.

Defendants do argue, however, that Plaintiff cannot show causation. The Seventh Circuit Court of Appeals recently clarified the causation analysis and burden of proof in a First Amendment retaliation case. The Plaintiff has the burden of demonstrating that "but for the protected speech, the employer would not have taken the adverse action." *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). At the summary judgment stage, in order to make such a showing, the initial burden is on Plaintiff to show that his speech was a "motivating factor" or, "a sufficient (whether or not also a necessary) condition." *Greene v. Doruff*, 660 F.3d 975, 979 (7th Cir. 2011). Once Plaintiff establishes this threshold condition, the burden shifts to Defendants to

6

show that the adverse action "would have occurred anyway." *Id.* If Defendants fail in their burden, the result is a finding that the "employer's retaliatory actions are considered a 'necessary condition' of the plaintiff's harm, and the plaintiff has established the but-for causation needed to succeed on his claim." *Kidwell*, 679 F.3d at 965.

In this case, Plaintiff has presented direct and circumstantial evidence that the filing of the grievance was a motivating factor in the termination of his employment. As indicated above, Plaintiff has presented statements made by Defendants from which a jury could conclude that the filing of the grievance was the reason why they sought to remove Plaintiff from his job. *Long v. Teachers' Retirement System of Illinois*, 585 F.3d 344, 350 (7th Cir. 2009) ("Direct evidence typically consists of an admission by the decisionmaker that he acted with retaliatory intent.") Plaintiff also has presented circumstantial evidence, the timing of the events and the (disputed) lack of basis for Defendants' alleged reason for terminating his employment: namely, Sergeant Yates' testimony that he did not remember speaking to Defendants about Plaintiff's work slow-down activities. Defendants argue, however, that Plaintiff would have been fired regardless of the grievance because of information that Defendant Aubuchon received regarding Plaintiff's work slow-down activities. While this may be true, there is other evidence that would allow a jury to infer that Defendants' reasoning is beyond belief: Sergeant Yates' testimony and the fact that Plaintiff never received a disciplinary ticket for his activities. Plaintiff also has presented evidence that his work was not unsatisfactory. At this stage of the proceedings then, Plaintiff has presented sufficient evidence from which a jury could find that he would not have been terminated from his position but for his protected speech.

7

CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants, John Aubuchon and Timothy Veath, on November 9, 2013 (Doc. 74) is **DENIED**.

This matter has previously been set for a Final Pretrial Conference on February 4, 2013 at 2:00 p.m.

**DATED: January 29, 2013**

                                               **DONALD G. WILKERSON**
                                               **United States Magistrate Judge**