IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY JELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-91-DGW |
| ) | |
| TIMOTHY VEATH and JOHN AUBUCHON, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Attorney fees filed by Plaintiff, Jerry Jellis, on March 6, 2013 (Doc. 117) and the Motion for Extension of Time filed by Defendants, John Aubuchon and Timothy Veath, on April 16, 2013 (Doc. 122). The Motion for Attorney Fees is **GRANTED** and the Motion to Extension of Time is **DENIED**.

**BILL OF COSTS**

On February 20, 2013, judgment was entered in this matter against Defendants and for Plaintiff in the amount of $205.00. Plaintiff timely filed a Motion to Attorney Fees and Costs (Doc. 117) and a Bill of Costs (Doc. 119) outlining a request for $307.50 in attorney fees and costs in the amount of $6,270.53, respectively. The Clerk of Court issued a notice regarding taxation of costs which indicated that costs will be taxed on March 21, 2013 and that objections should be filed by that date. Local Rule 54.2 further provides that if no objections are filed within the time period costs will be taxed by the Clerk. No objection to the Bill of Costs was filed by March 21, 2013. Accordingly, the Clerk taxed costs in the amount of $6,270.53 on April 1, 2013 (Doc. 121).

On April 16, 2013, Defendants filed the pending Motion for Extension of Time. In the motion, Defendants indicate that an objection to the award of costs was due on April 15, 2013.

Defendants then state that "due to a full case load and limited time in the office" they were unable to file their objection by the deadline and instead seek an extension to April 22, 2013 to object. Defendants cite to no rule of law that would allow the filing of an objection either 15 or 22 days after costs are taxed.

Federal Rule of Civil Procedure 54(d)(1) does, however, indicate that after the clerk taxes costs, "[o]n motion served within the next 7 days, the court may review the clerk's action." Defendant filed no motion by April 8, 2013.  Federal Rule of Civil Procedure 6(b)(1)(B) further provides that if Defendants seek an extension of time after a deadline has passed, they must who "excusable neglect."   Having a significant caseload and being out of the office after the deadline has passed does not evidence "excusable neglect."   Defendants' Motion, then, is **DENIED**.

## MOTION FOR ATTORNEY FEES

As indicated above, Plaintiff filed his Motion for Attorney fees on March 6, 2013. Pursuant to Local Rule 7.1(g), a response must be filed within 14 days after service.   No response has been filed.   Therefore, this Court considers the failure to respond to be an admission of the merits of the Motion.

This Court, in its discretion, may award reasonable attorney's fees in cases that seek to enforce civil rights statutes to the prevailing party.   42 U.S.C. § 1988.   Attorney fees in prisoner litigation cases, however, are limited to fees that are "directly and reasonably incurred" to vindicate an actual violation of Plaintiff's rights and that are proportional to the relief awarded. 42 U.S.C. § 1997e(d)(1).   The PLRA has been interpreted to place an absolute limit on attorney's fees to 150% of the damages awarded.   *Pearson v. Wilborn*, 471 F.3d 732, 742 (7th Cir. 2006), citing *Johnson v. Daley*, 339 F.3d 582, 583 (7th Cir. 2003).   In this case, Plaintiff was awarded

$205.00 and 150% of that amount is $307.50. The Court finds that Plaintiff's attorney fees were directly and reasonable incurred to vindicate Plaintiff's civil rights. In light of the absolute cap, Plaintiff will therefore be awarded $307.50 in attorney fees, a sum that does not fully recompense Plaintiff's recruited attorney for the amount of time and effort that she spent successfully prosecuting this matter.

The PLRA also provides that "whenever a monetary judgment is awarded . . . a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney fee's awarded against the defendant." 42 U.S.C. § 1997e(d)(2). Plaintiff does not address what percentage of Plaintiff's recovery should go towards attorney fees. The statute contains a cap on the percentage of Plaintiff's recovery that can go towards attorney fees but it does not mandate a particular amount. *See Farella v. Hockaday*, 304 F.Supp.2d 1076, 1081 (C.D. Ill. 2004). The Court concludes that Plaintiff shall pay 5% of his recovery towards attorney fees. This amount recognizes that Plaintiff initially proceeded *pro se*, that counsel was recruited on a *pro bono* basis, but that Plaintiff nonetheless benefitted significantly from his counsel's assistance.

## CONCLUSION

For the foregoing reasons, Attorney fees are awarded in the amount of $307.50. Of that amount, Plaintiff shall pay 5% of his recovery, $10.25 (to be deducted from Plaintiff's recovery), towards attorney fees and Defendants shall pay $297.25 (in addition to the $205.00 judgment).

**IT IS SO ORDERED**

**DATED: April 18, 2013**

                **DONALD G. WILKERSON**
                **United States Magistrate Judge**